

March 29, 2022

Hon. Edgardo Ramos, U.S.D.J.
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 1000

By Electronic Filing.

    Re:    <u>Sharma v. City of New York</u>, Case No. 21-cv-10892 (ER)(BCM)

Dear Judge Ramos:

    I am co-counsel for Plaintiff in the above-captioned matter. I write to ask that the Court remove this case from the so-called "1983 Plan," codified in SDNY Local Civil Rule 83.10. We also request that the Court schedule an Initial Pretrial Conference. Defendants object to this request. The parties met and conferred via telephone regarding this issue, but were unable to resolve the dispute. Thus, as this is a discovery dispute (at least in the main), Plaintiff requests a pre-motion conference under Local Civil Rule 37.2 —  but believes this motion can be resolved with informal briefing by letter motion.  I served a draft of this pre-motion letter on Defendants on March 25, and they have asked that they be permitted a week to respond (which Plaintiff consents to).

    **Background and Procedural History**. This case arises from the brutal New York City Police Department ("NYPD") assault on Plaintiff and other protesters Times Square on May 31, 2020. The Times Square protest features prominently one of the lawsuits (specifically, the lawsuit filed by the Attorney General on behalf of the People of New York) that were filed in 2020 on behalf of Times Square arrestees against many of the same Defendants named in this case, including, *inter alia*, Defendant Monahan and the City. Those cases are before Hon. Colleen McMahon and Hon. Gabriel W. Gorenstein, and have been consolidated under one docket — *In re NY City Policing During Summer 2020 Demonstrations*, No. 20-cv-8924 — for pretrial purposes. In those cases, Defendants long ago answered. *See, e.g.,* Answer in *People v. City of New York, et al.,* 21-cv-322 (CM)(GWG) (Dkt. No. 117). The Consolidated Actions are on a rocket docket in which tens of thousands of pages of discovery, including an enormous amount of discovery related to Times Square protest, have been exchanged, and hundreds of hours of depositions have taken place.

    In this case, Plaintiff filed his Complaint on August 30, 2021 in the Supreme Court of the State of New York, Bronx County. Setting aside the allegations specific to the Plaintiff's experiences, the remaining allegations in the Complaint — including the allegations supporting Plaintiff's *Monell* claims — are virtually identical to the allegations pleaded in the Consolidated Actions. *Compare* the Complaint in this case *with* the Complaint in *Hernandez, et al. v. City of New York, et al.,* 21-cv-07406 (CM)(GWG) (Dkt. No. 1). Plaintiff served all Defendants with opening papers in the New York State Supreme Court action between November 18 and November 22, 2021. On December 20, 2021, Defendants City, DeBlasio, and Shea removed the case to this Court (Dkt. 1). On December 21, 2021, the Court



marked the case for inclusion in the so-called "1983 Plan" codified in S.D.N.Y. Local Civil Rule 83.10. Defendants served an answer March 14, 2022, 84 days after removal.

**Plaintiff's Position**:

Plaintiff respectfully submits that the case should never have been marked for inclusion in the 1983 Plan, which does not apply to cases filed in New York State Court and removed to the S.D.N.Y. *See, e.g., Roundtree v. City of New York et al*, 21-cv-10576 (AJN)(SDA), Dkt. No. 17 (January 1, 2022 Opinion and Order).

In denying Defendant City's application to have the *Roundtree* case — which the plaintiff had filed in New York State Supreme Court and Defendant City had removed to this Court — included in the 1983 Plan, Magistrate Judge Aaron ruled, in pertinent part:

> The City's request that this action proceed pursuant to Local Civil Rule 83.10 is denied. Rule 83.10 was designed to apply to actions filed in this Court in the first instance. For example, the Rule provides that "[a]t the same time that plaintiff serves the complaint, plaintiff must serve on the City [a] release . . . for sealed arrest records for the arrest that is the subject of the complaint, and for a list of all prior arrests." *See* S.D.N.Y. Local Civ. R. 83.10(a)(1). The Rule then provides the City with a longer period to respond to the Complaint after it receives the required release. *See id.* R. 83.10(c).
>
> In the present case, since this action was filed in New York state court, there was no requirement that releases be served with the Complaint. Moreover, since the City already has responded to the Complaint, the City is not in need of further time to respond to the Complaint."

Other Courts have generally granted motions to remove 2020 protest cases from — or denied motions to move removed cases into — the Plan. *See, e.g., Sukana v. City of New York*, 21-cv-10899 (LJL), Dkt. No. 14 (March 22, 2022 Order) ("This case is removed from the 1983 Plan"); *Rodriguez v. City of New York,* 21-cv-10815 (PKC), Dkt. No. 14 (March 22, 2022 Order) ("Plaintiffs' letter motion … is GRANTED to the extent that the action is removed from the Local Civil Rule 83.10 Plan"). *See also, Britvec v. City of New York*, 21-cv-10759 (LAK), Dkt. No. 8 (December 20, 2021) ("This action is withdrawn from participation in Local Civil Rule 83.10") and *Casablanca-Torres v. City of New York,* 21-cv-10832 (LAK), Dkt. No. 15 (January 18, 2022 Order) (consolidated with *Britvec*, denying City's motion to place cases back in the plan).[1] While Defendants asserted the case was properly designated, they do not offer any reason to reject Judge Aaron's reasoning.

Even setting aside *Roundtree* and the other cases, this Court should remove the case from the 1983 Plan now, in its discretion, as keeping the case in the 1983 Plan is not likely to achieve the Plan's

---

[1] One Court has, admittedly, reached an opposite result — though without explaining its reasoning. *See, Curran-Groome v. City of New York*, 22-cv-710 (JPC), Dkt. No. 21 (March 16, 2022 Order) (denying Dkt. No. 20, March 15, 2022 motion to remove case from the Plan). That said, that leaves the tally at 4 or 5 (*Roundtree, Sukana, Rodriguez, Britvec/Casablanca-Torres*) to 1 (*Curran-Groome*).



Page 2 of 4

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



stated goals. It is, however, guaranteed to frustrate Plaintiff's interest in timely and expeditious prosecution of this action. Because the Consolidated Actions have involved extensive discovery regarding the Times Square incident, this is not the typical 1983 Plan case, in which Defendants must investigate the claims from scratch. Relatedly, the majority of the allegations in the Complaint are nearly identical to those pleaded in several of the cases in the Consolidated Actions, which those Defendants, represented in the Consolidated Actions by the Law Department, answered long ago. *Compare* the Complaint in this case *with* the Complaints in *Sow et al. v. City of New York et al.*, 21-cv-00533 (CM)(GWG) (Dkt. No. 1) and in *Hernandez, et al. v. City of New York, et al.,* 21-cv-07406 (CM)(GWG) (Dkt. No. 1).

Furthermore, in this case, Defendants already have the relevant 1983 Plan early discovery, either because those records were unsealed and exchanged in the extensive discovery related to the Mott Haven incident that has occurred in the Consolidated Actions[2], or because Defendants received (or should have received) them using the releases Plaintiff provided to defense counsel in January of 2022.[3]

Plaintiff can guarantee the Court that resolution of this case is not going to happen without additional discovery from Defendants specifically related to Plaintiff's claims, which the 1983 Plan categorically prohibits — or a significant departure (that is, an order of magnitude or more) from the kind of authority the City has had to settle similar cases. And Plaintiff can also guarantee that mediation will not lead to settlement in this case given those facts. Of course, the parties can discuss settlement at any time, Defendants can make an offer, and the parties can ask Your Honor for a settlement conference if, and when, it makes sense. In the meantime, Plaintiff would like to pursue discovery on his individual claims — including making efforts to identify the Jane Doe officer involved in his arrest — so that the parties can move more productively towards settlement.[4]

Thank you for your attention to this matter.

Respectfully submitted,



J. Remy Green

---

[2] For over a year in the Consolidated Actions, discovery, including specifically extensive *Monell* discovery into the policies, practices, and training that Plaintiff challenges in this matter, as well as extensive discovery about the May 31 events at Times Square, has been proceeding at a rocket docket pace.  Among other things, Defendants have disclosed, or have said they are in the process of disclosing, all arrest and arrest processing records, video, and other documents related to the Times Square arrests, including Plaintiff's.

[3] Plaintiff did not refuse to provide the 160.50 because the Plan never applied when Plaintiff was serving the complaint, since that position, while technically correct, would have been silly.  But as Judge Aaron explained in *Roundtree,* it's not clear when or through what rule Plaintiff would have been required to execute the release post-removal — and that is because the Plan simply doesn't contemplate removed cases.

[4] Following that discovery, it appears all parties agree a settlement conference before Judge Moses would be productive.

                                                                                                                 Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com