

March 25, 2022

Hon. Edgardo Ramos, U.S.D.J.
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 1000

By Electronic Filing.

Re:   Sharma v. City of New York, Case No. 21-cv-10892 (ER)(BCM)

Dear Judge Ramos:

I am co-counsel for Plaintiff in this case. I write to ask that the Court enter an Order — in substantially the form proposed as **Exhibit 1** — directing the parties to coordinate *Monell* discovery with the consolidated docket in *In re NY City Policing During Summer 2020 Demonstrations*, No. 20-cv-8924 ("Consolidated Actions").

I have attempted to resolve this issue with Defendants, particularly considering the consensus approach among other judges of this Court, but at our meet and confer, Defendants made clear they believed (1) discovery should not be coordinated and (2) in fact, the parties should duplicate all of the discovery on the Consolidated Docket at some unknown point in the future — and the Court should bifurcate discovery to that end.

Additionally, given that — as Judge Castel put it — Defendants' offered reasoning for rejecting coordination ultimately only "contrary to its intended purpose…, highlights the wisdom of coordination" (Order, ECF No. 17, *Rodriguez v. City of New York*, 21-cv-10815 (PKC)), Plaintiff asks that the Court direct payment of attorneys' fees for this application under Fed. R. Civ. P. 37(a)(5)(A), as Defendants' opposition to this motion is not "substantially justified."

Defendants have asked that Plaintiffs inform the Court they would like two weeks to respond, with a response being due on June 7, 2022. Plaintiffs take no position on that request, except to note that this issue has been litigated several times and each time, the Corporation Counsel lawyer has submitted near verbatim the same response — and ultimately, that fact itself emphasizes the efficiencies gained by coordination.

## DISCUSSION

As Your Honor is aware, this matter is one of many that have been filed in this Court arising from the manner in which the NYPD and Defendant City of New York policed other summer 2020 Black Lives Matter protests. Discovery has been ongoing in a set of flagship cases, including an action brought by the New York State Attorney General on behalf of the People of the State of New York, and several putative class actions, focusing on the Mott Haven protest, raising *Monell*



claims identical to those Plaintiff here makes, which have been consolidated for pretrial purposes under the *In re New York City Policing During Summer 2020 Demonstrations* docket at 20-cv-8924 (CM)(GWG) before Hon. Colleen McMahon and Hon. Gabriel W. Gorenstein.

### I. Coordinating Discovery with the Consolidated Actions Makes Sense and Achieves Significant Efficiencies.

The Consolidated Actions have been on a rocket docket since early 2021. On July 9, 2021, Judge McMahon ruled on Defendants' partial motion to dismiss related to various *Monell* claims that are identical to those pleaded in this case. *See* 548 F.Supp.3d 383 (SDNY 2021). Discovery, including dozens of depositions of NYPD "line officers" as well as depositions of higher-ranking NYPD members and 30(b)(6) witnesses related to the overlapping fact and *Monell* claims in those cases has been proceeding apace, with dozens of lawyers participating. The current fact discovery cutoff, by which all discovery, including *Monell* discovery, is to be completed, is August 12, 2022 — though that date is likely to change because of some procedural complexity stemming the Second Circuit overturning a decision denying a police union's intervention motion. So, though that date may well be adjusted depending on, among other things, the length of the current stay, the Court and the parties expect fact discovery to be complete in the Consolidated Actions within the next few months, and most likely by the end of this year.

Alongside this joint letter, Plaintiff submits a Proposed Order. *See* Exhibit 1. Defendants have objected to the proposed order, but could not explain their objection. This proposal would serve the interest of judicial economy and efficiency by ensuring the coordination of discovery between the Consolidated Actions and this one. The Proposed Order seeks to address Defendants' and Plaintiffs' shared concerns around re-production and redundant discovery practice by implementing a coordinated discovery process. While, as set out below, many judges in this District have already rejected the arguments Defendants make, they could not articulate ***any*** burden in meeting and conferring.[1]

Plaintiff asks that the Court allow the parties to benefit from the ongoing discovery in the Consolidated Actions — including the discovery related the *Monell* claims in play in those cases, which are identical to those pleaded in this case — by directing that discovery proceed in coordination with discovery in the Consolidated Actions. This is what Judge McMahon and Hon.

---

[1] More specifically, Defendants' counsel complained that, if coordination was ordered, he would have to review a massive amount of discovery personally. Putting aside that this argument fails to compare the relative burden of having to conduct every search anew, the conclusion simply does not follow — and counsel was unable to identify a single stage of the case where such review would be required. Under the Proposed Order, this docket will essentially not involve *Monell* discovery at all. Rather, *Monell* will only crystalize — with identical claims to those in the Consolidate Actions — at summary judgment. Given the pacing, summary judgment on this docket will come well after it does on the Consolidated Actions' docket. And so, the discovery relevant to Plaintiff's claims — and Defendants' defenses — will be fully briefed and attached to a motion. At trial, similarly, relevant documents will be identified on a joint pre-trial order — and Judge Liman made essentially this point at a conference overruling the same objections, entering nearly verbatim the order requested here. *See* Order, ECF No. 21, *Sukana v. City of New York*, 21-cv-10899 (LJL)(BCM).

COHEN&GREEN                                                                 Page 2 of 6

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com

Case 1:21-cv-10892-ER   Document 20   Filed 05/23/22   Page 3 of 6



Lewis A. Kaplan did in *Casablanca-Torres v. City of New York, et al.,* 21-cv-10832 (LAK)(JLC) and *Britvec, et al. v. City of New York, et al.,* 21-cv-10759 (LAK)(KNF), *see Britvec* Dkt. 18, a copy of which is attached as **Exhibit 2**.  Additionally, in another action arising from the summer protests, just as this one does, Hon. P. Kevin Castel issued a pair of orders that were similar to the orders in *Britvec* and *Casablanca-Torres* in *Rodriguez, et al., v. The City of New York, et al.,* 21 CV 10815 (PKC).  *See* **Exhibit 3** (Dkt. Nos. 14 and 17).  So too with *Sukana v. City of New York*, 21-cv-10899 (LJL)(BCM), where the Court entered verbatim (except with the case name changed) the Order being proposed here.  *See* **Exhibit 4** (Dkt. No. 22[2]).  Additionally, in a number of the Consolidated Actions themselves, Defendants consented to much of what Plaintiffs propose here. *See, e.g., Hernandez, et al. v. City of New York, et al.,* 21 Civ. 7406 (CM)(GWG), December 15, 2021 Order (Dkt. 333 in the Consolidated Actions, a copy of which is attached as **Exhibit 5**).

Indeed, that choice to coordinate appears to reflect a global approach to cases about the protests during the summer of 2020 that will continue to be filed — as Judge McMahon recently described it:

> "[Initially,] this court was hoping that a sentinel case (most likely the *parens patriae* action brought by New York State Attorney General Leticia James) could be readied for trial with a year[.]  The idea was to prevent a lot of 'do over' discovery."
>
> "In the intervening year, much has happened … [V]arious individuals who … are putative members of one or more plaintiff classes in the class actions that are among the consolidated cases (*Sow*, *Sierra*) are choosing to file their own lawsuits; some of those cases have been wheeled out to other judges of the court. The assigned judges in those cases have agreed to coordinate discovery with the discovery that is being overseen by Judge Gorenstein. As those plaintiffs have joined the party, they have begun participating in discovery."

Consolidated Actions, Dkt. No. 538 at 2 (**Exhibit 6**).  Or, put more simply, so far, coordinating discovery has been an effective choice, and reflects the considered judgment of the Judges handling the Consolidated Actions.

As the Court did in *Rodriguez* and *Sukana*, we ask that the Court order the parties to coordinate discovery here with discovery in the Consolidated Actions and allow the parties to rely on the discovery that has been, and will be, conducted in the Consolidated Actions in this matter including, critically, the extensive and ongoing document discovery and depositions of both line- and high-level NYPD witnesses related to the Mott Haven incident and Plaintiffs' *Monell* claims.  Such an order would require the parties to coordinate discovery in this matter with the ongoing discovery in the Consolidated Actions, while avoiding duplicative discovery wherever possible.  If discovery is coordinated as Plaintiff is proposing, rather than re-producing the vast majority, if not

---

[2] Note that this order takes the form of a stipulation, because it arose in a context where the *Sukana* plaintiffs had attempted to negotiate a stipulation, and Defendants agreed essentially to the provisions that benefitted them (e.g., that plaintiffs couldn't seek certain discovery), but rejected the provisions that made that approach work (e.g., that plaintiffs didn't *have* to seek certain discovery because it was deemed disclosed).  Needless to say, that attempt to separate the proposed stipulation failed.

COHEN&GREEN                                                                                     Page 3 of 6

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



all, of the documentary evidence relevant to Plaintiff's *Monell* claims, the parties could rely on the discovery in the Consolidated Actions with respect to those claims.

Requiring the parties to coordinate discovery, including line officer and high-level depositions, that is ongoing in the Consolidated Actions where there is overlap would increase economy and efficiency for all parties, as well as the Court – particularly given the close, time-consuming, and ongoing supervision the contentious litigation in the Consolidated Actions has resulted in. And with respect to discovery that relates specifically to Plaintiff's experiences, to the extent such discovery has already been exchanged in the Consolidated Actions, the parties could simply identify any such discovery in their discovery responses in this case utilizing the date(s) of production and Bates Numbers in the Consolidated Action, rather than re-producing it in this action.

To the extent discovery in the Consolidated Actions that is relevant to Plaintiff's experiences has not yet taken place, requiring the parties to coordinate – so that the discovery is only taken once in the Consolidated Actions, covering all of the areas relevant to the Consolidated Actions as well as actions such as this one in the context of the Consolidated Actions, wherever possible – is the approach most judges supervising these cases has taken and, Plaintiff submits, it is the approach that makes the most sense.

If the Court grants Plaintiff's request to allow discovery, including *Monell* discovery, in this matter to proceed in coordination with discovery in the Consolidated Actions, Plaintiff would respectfully suggest that the parties move forward with discovery about Plaintiff's claims here in accordance with the deadlines set at the initial conference, while, at the same time, making use of the discovery that has been, and will be, conducted, in the Consolidated Actions.

Finally, Defendants' suggestion at the meet and confer that an individual Assistant Corporation Counsel's unfamiliarity with the Consolidated Actions, to which Defendants and defense counsel via the Law Department are party, is simply not cause to prejudice Plaintiffs' access to discovery or frustrate judicial economy. To the extent the sole Assistant Corporation Counsel assigned to this case is unfamiliar with this matter, that is a problem Defendants have created by not providing such access, and/or that defense counsel has created through the manner in which the Law Department has staffed, and the choices it has made in litigating, the Consolidated Actions and this clearly related case for many months. This Court should not allow Defendants to make staffing and resource allocation decisions that essentially keep defense counsel uninformed about these clearly related matters, creating burdens other staffing and resource allocation decisions would not, and prejudice Plaintiffs' pursuit of their claims in this case—especially not after Defendants removed this case from the forum in which it was brought.

## II. The Court Should Award Fees Under Rule 37.

This case is one of a significant number of opt-out cases about the protests over the summer of 2020. As each report on policing during those protests concluded — including the one conducted by the Law Department itself — the NYPD's conduct left much to be desired. The

Page 4 of 6

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



many, many New Yorker's whose rights were violated during that summer will continue to bring cases seeking individual redress where appropriate.

In that context, this docket previews an unfortunate possibility: the City intends to serially litigated every issue in these cases.  Consider, for example, the motion Plaintiff had to make about participation in the 1983 Plan on this docket.  *See* Dkt. No. 17.  That order reflected a dispute that has taken place in virtually ever protest case removed from state court — and the City has taken the same position in each one.  In that context, the City at least had one order (albeit, without any reasoning) suggesting its position had merit.

Here, every single judge to consider the issue has seen the wisdom of coordination.  Indeed, some have felt necessary to point out to the City that their position makes so little sense, it ultimately only "highlights the wisdom of coordination."  Order, ECF No. 17, *Rodriguez v. City of New York*, 21-cv-10815 (PKC).  Yet, in the face of that, the City has just kept repeating identical arguments — not even updating the position it is giving its line-level ACCs to address the growing raft of caselaw rejecting those arguments.  And to be clear, those arguments do not hold together: the idea that not coordinating discovery will somehow be anything but a giant burden on the Court's resources is absurd.  Just look at the number of discovery motions — and indeed, discovery sanctions against the City — that exist on the Consolidated Actions' now-552 entry docket.  *Cf. also*, Consolidated Actions, Dkt. No. 541 (discussing how the "City has failed repeatedly to meet its discovery obligations" on that docket).

In that context, the mandatory nature of Rule 37 — and the policy reasons driving that choice — is instructive.   Rule 37 provides that when a discovery motion is granted, "the court ***must*** . . . award reasonable motion expenses incurred in making the motion.'"  *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (quoting Fed. R. Civ. P. 37) (emphasis added in *Underdog*).  "The mandatory nature of the imposition of expenses reflects a policy choice aimed at reducing the burden on the courts by deterring parties … from resisting discovery without justification."  *Jackson v Nassau Cnty.*, 2022 US Dist LEXIS 83333, at *4-5 (EDNY May 9, 2022) (cleaned up).

Here, Defendants' position is not only not "***substantially*** justified," it just plain doesn't make sense.  Defendants claim they want to avoid a burden, yet essentially argue that their counsel should have to individually respond to *Monell* discovery — and sort out exactly what the City thinks is justified specifically related to the Consolidated Actions and not justified here.[3]  And given that multiple judges of this Court have all asked Defendants to explain this position — and all been met with no sensible explanation — shifting the cost of that recalcitrance to the City makes sense.  It would be something else entirely if Defendants had an *answer* to the reasoning.  But they are simply saying the same thing again, and hoping for a different result.  That is not justified — substantially or otherwise.

---

[3] That is even though the claims — at least as far as the *Monell* theories go — are identical.



Page 5 of 6

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



  In sum, Plaintiff asks the Court to enter the proposed Order attached as exhibit 1 (or one substantially in that form), and direct Defendants to pay attorneys' fees for forcing Plaintiff to make this application.

  As ever, we thank the Court for its attention to this matter.

<div style="text-align:right">

Respectfully submitted,

/s/
_____

</div>

J. Remy Green
 *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com