**MEMO ENDORSED**
See page 3.

# COHEN & GREEN

February 13, 2023

Hon. Edgardo Ramos, U.S.D.J.
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 1000

By Electronic Filing.

    Re:    <u>Sharma v. City of New York</u>, Case No. 21-cv-10892 (ER)(BCM)

Dear Judge Ramos:

    I am co-counsel for Plaintiff in the above-captioned matter. I write to provide Plaintiff's position on Defendants' stay motion. In essence, we do not oppose most of the stay — but have been trying to get to ground on identifying Jane Doe #1 for more than a year now. And Defendants have still, by all appearances, not done what the Court ordered them to do: "identify Defendant Jane Doe 1." Dkt. No. 19.

    As the Court may remember, this is a case about a protest during the summer of 2020. It is coordinated with the consolidated docket at 20-cv-8924.[1] Early in the case, Plaintiff raised the issue that he was not able to identify Jane Doe 1. This case is about events on May 31, 2020, so the § 1983 statute of limitations is either June 1, 2023 — or a few months thereafter, depending on how the COVID-19 toll of the statute of limitations interacts with the rule that § 1983 picks up the applicable general state tort statute. Plaintiff believes he must name Jane Doe 1 by May 31 this year in an abundance of caution.

    As the parties explained in a joint letter back in September, the process of identifying Jane Doe 1 as directed by the Court was ultimately stalled out "in part because [Defendants] were in the process of substituting attorneys" shortly after the Court ordered identification. Defendants represented to the Court that as of September 26, they had been trying diligently to do so, but needed an extension. They sought, and received, a *nunc pro tunc* extension of time for 45 days from the letter at Dkt. No. 29. *See* Dkt. No. 30. At a conference in early November, Defendants said they were underway in the process, but still needed time, and could not yet communicate results (or what steps they had taken).

---

[1] In addition to the other differences between *Smith* and this case, it is worth noting that there are a large number of lawyers at the Law Department theoretically working on the consolidated cases — and thus more familiar with the underlying facts that Mr. De Jesus would be at this stage. Thus, that counsels in favor of the City not prejudicing Plaintiff by insisting an attorney it assigned to this case less than a month ago ***must*** be the one to litigate it.



  The lawyer representing the City and other Defendants in at that time then left the Law Department, making Mr. De Jesus the fourth attorney on this case.  Plaintiff discovered this after asking other attorneys at the Law Department whether anyone had been assigned.  Mr. De Jesus filed his notice of appearance less than a month ago.  Our understanding is that at that stage, he had not personally done any work on the case, and the City's representation at that time was that he was on trial the week of January 20, and could not speak until the end of the week.

  At this stage, we still do not know what steps, if any, the City's lawyers have taken in trying to identify Jane Doe 1.  We do not know if they have pulled the relevant officers' memobooks, duty rosters, or the like.  We are, as far as we know, still at square one.  Because of the impending statute of limitations — which at least arguably runs less than a month after the end of Defendants' proposed stay — we need to know what the City has done so far so we can pick up the ball and move it forward.

  In asking for a stay, Defendants cite an order (*Smith v. City of New York, et. al.*, 21-CV-4157). But the differences between the cases are obvious.  First, the request in *Smith* was on consent (*see Smith*, Dkt. No. 31 at 1).  Second, and more importantly, Mr. De Jesus has been representing the City in that case for at least six months.  Here, by contrast, Mr. De Jesus has only been on this case for a matter of weeks — and it is not clear he has even had to read himself up to speed on the case.[2]  In short, there is absolutely no prejudice to Defendants in having the City's Law Department assign a new attorney to the case.  *Cf. Cypress Holdings, III, LP v Sport-BLX, Inc.*, 2022 US Dist LEXIS 151415, at *14-15 (SDNY Aug. 23, 2022) (noting minimal prejudice to disqualifying a firm where a different firm had represented the client for an extended period).  Indeed, as the largest law firm in the City, it is more than passing strange that the City seemingly claims an attorney it ***just*** assigned to a case is the only person capable of litigating it, and thus the case must be stayed for months.

  At this stage, Plaintiff needs the *final*-final version of Defendants' statement on whether they have been able to identify Jane Doe 1 — and if they cannot, a statement of what steps Defendants have taken.  If Defendants do not have those records because of the revolving counsel door, then that investigation needs to happen as soon as possible.  Thus, we ask the Court to (1) deny the stay motion;[3] (2) direct Defendants to either (a) identify Jane Doe 1 or (b) state what investigative steps they've taken and produce all documents consulted in their investigation by March 10, 2023.

  We thank the Court for its attention to this matter.

            Respectfully submitted,

            /s/
            _____

            J. Remy Green
             *Honorific/Pronouns: Mx., they/their/them*
            **COHEN&GREEN P.L.L.C.**

---

[2] That is not to criticize that speed of getting up to speed — far from it.  Rather, it is just to highlight that the prejudice to Defendants in assigning a new attorney is non-existent.

[3] In the alternative, we have no objection to staying all discovery ***besides*** the Jane Doe 1 issue (and obviously, the coordinated portion of discovery cannot be stayed).



Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

City Defendants are directed to respond Plaintiff's opposition letter to the motion to stay by Thursday, February 16, 2023.  It is SO ORDERED.

_____
Edgardo Ramos, U.S.D.J
Dated: February 14, 2023
New York, New York

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com