

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**FELIX DE JESUS**
*Assistant Corporation Counsel*
felixdej@law.nyc.gov
Phone: (212) 356-2377
Fax: (212) 356-1148

February 16, 2023

**VIA ECF**
Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, N.Y. 10007

      Re: <u>Rahul Sharma v. The City of New York, et. al.,</u>
        21-CV-10892 (ER)(BCM)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York, Bill De Blasio, Dermont Shea, Terence Monahan, Stephen Latalardo, Brianna Carlo, and Michael Ashford (hereinafter "City Defendants") in the above-referenced action. City Defendants write pursuant to the Court's February 14, 2023 Order and to respond to plaintiff's opposition letter to City Defendants' Motion to Stay.

  In an effort to streamline what appears to now be a "non-issue," City Defendants do not object to Plaintiff's request to continue efforts to identify the Jane Doe 1 even if discovery is otherwise stayed in its entirety. For the Court's information, and notwithstanding the fact that this case had to be reassigned several times over its life span, City Defendants have nonetheless undertaken good faith efforts to identify the Jane Doe officer. Upon information and belief, my predecessor reviewed the available body-worn camera videos and was unable to identify Jane Doe 1. The undersigned has also reviewed the relevant portions of a significant number of body-worn camera videos and is currently unable to identify Jane Doe 1. This Office has also enlisted the assistance of the Legal Division of NYPD to aid in the identification process. Given the sheer number of NYPD officers who were at the protest where the alleged incident with plaintiff occurred, this is far from a simple and straightforward undertaking as plaintiff appears to suggest.

  City Defendants are compelled to briefly address plaintiff's counsel's flippant suggestion that defendants would not suffer any prejudice if this matter was reassigned. This is completely inaccurate. The undersigned has spent time working on this this matter (in particular the issue

regarding the outstanding identification of the Jane Doe officer) and, contrary to plaintiff's suggestion, the attorneys in this Office are not interchangeable.

Although City Defendants have not objected to undertaking efforts to identify the Jane Doe officer, plaintiff's entitlement to this information is, questionable, at best. According to the Complaint, plaintiff alleges that "Defendants Carlo[1] and Doe 1 rear-cuffed Claimant in plastic handcuffs." *See* Complaint, ¶ 38. Indeed, this is the *only* factual allegation in the entire Complaint, which is nearly two hundred (200) paragraphs, regarding the conduct or alleged misconduct of Jane Doe 1. Tellingly, the Complaint does not even allege any specific facts which would give rise to a claim for "tight handcuffing" claim nor does the Complaint allege that the handcuffing of plaintiff amounted to excessive force in any way. To be sure, Plaintiff's "Second Claim for Relief, Excessive Force," does not mention Jane Doe 1, does not provide any specific information regarding the handcuffing of plaintiff, or even mention the word "handcuffing." *See* Complaint, ¶¶ 141-144 at pgs. 32-33. Nor is there any allegation that Plaintiff suffered any injury or even discomfort from the handcuffing. *Id.*, generally. As such, Plaintiff's Complaint fails to state a claim for "tight handcuffing." *See Cugini v. City of New York*, 941 F.3d 604, 616 (2d Cir. 2019).[2]

As such, City defendants respectfully request that the Court stay discovery in the instant matter until May 8th, 2023 with the exception of the issue pertaining to the identification of Jane Doe 1. Thank you for your consideration herein.

Respectfully submitted,

*Felix De Jesus*

Felix De Jesus
Assistant Corporation Counsel
Special Federal Litigation Division

cc: **VIA ECF**
*All attorneys of record*

---

[1] Defendant Carlo is already a party to this lawsuit and has appeared in the action.

[2] District courts in this Circuit "'frequently consider (1) whether the handcuffs were unreasonably tight; (2) whether the defendants ignored the plaintiff's pleas that the handcuffs were too tight; and (3) the degree of injury to the wrists.'" *Grytsyk v. Morales*, 19 Civ. 3470 (JMF), 2021 U.S. Dist. LEXIS 54642, at *29 (S.D.N.Y. Mar. 22, 2021) (quoting *Gonzalez v. Hirschman*, 15 Civ. 810 (GHW), 2016 U.S. Dist. LEXIS 10228, at *4 (S.D.N.Y. Jan. 28, 2016)). In addition, there is a consensus among courts in this circuit that tight handcuffing does not constitute excessive force unless it causes some injury beyond temporary discomfort." *Lynch v. City of Mount Vernon*, 567 F. Supp. 2d 459, 468 (S.D.N.Y. 2008) (collecting cases).