UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X

RAHUL SHARMA,

                                        Plaintiff,

            - against -

THE CITY OF NEW YORK; MAYOR BILL DE
BLASIO; NEW YORK CITY POLICE DEPARTMENT
("NYPD") COMMISSIONER DERMOT SHEA; NYPD
CHIEF OF DEPARTMENT TERENCE MONAHAN;
NYPD LIEUTENANT STEPHEN LATALARDO;
NYPD OFFICER BRIANNA CARLO; NYPD OFFICER
MICHAEL ASHFORD; NYPD OFFICER PIA J.
SMITH-SANDS; and NYPD OFFICER STEVEN
BLASKEY,

                                        Defendants.

----------------------------------------------------------------------- X

**ANSWER TO FIRST
AMENDED COMPLAINT BY
DEFENDANTS CITY OF NEW
YORK, BILL DE BLASIO,
DERMOT SHEA, TERENCE
MONAHAN, STEPHEN
LATALARDO, BRIANNA
CARLO, AND MICHAEL
ASHFORD**


21-CV-10892 (ER)

**Jury Trial Demanded**

        Defendants City of New York, Bill De Blasio, Dermot Shea, Terence Monahan,

Stephen Latalardo, Brianna Carlo, and Michael Ashford[1] (hereinafter "City Defendants"), by

their attorney Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for

their answer to plaintiff's First Amended Complaint (hereinafter "FAC"), respectfully allege,

upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the FAC, except admit only

that plaintiff purports to proceed as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the FAC, except admit only

that the City of New York is a municipal corporation duly organized under the laws of the State

of  New  York  and  respectfully  refer  the  Court  to  the  New  York  City  Charter  and  the

---

[1] No proof has been filed that Officer Pia J. Smith-Sands or Officer Steven Blaskey have been served with process in
this action. *See* Fed. R. Civ. Pro. 4(l)(1).

Administrative Code for a recitation of the relationship between the City and the New York City Police Department and the City's responsibilities incident thereto.

3. Deny the allegations set forth in paragraph "3" of the FAC, except admit only that Bill de Blasio was the Mayor of New York City on May 31, 2020, and that plaintiff purports to proceed against him as set forth therein.

4. Deny the allegations set forth in paragraph "4" of the FAC, except admit only that Dermot Shea was the Commissioner of the NYPD on May 31, 2020, and that plaintiff purports to proceed against him as set forth therein.

5. Deny the allegations set forth in paragraph "5" of the FAC.

6. Deny the allegations set forth in paragraph "6" of the FAC, except admit only that, on or about May 31, 2020, Lieutenant Stephen Latalardo was employed by the NYPD assigned to the Strategic Response Group, Operations; PO Brianna Carlo was employed by the NYPD assigned to Strategic Response Group 5, and Michael Ashford, Steven Blaskey, and Pia Smith-Sands was employed by the NYPD as a Police Officer; and admit that plaintiff purports to sue those individuals as set forth therein.

7. Deny the allegations set forth in paragraph "7" of the FAC.

8. State that the allegations set forth in paragraph "8" of the FAC are legal conclusions as to which no response is required.

9. State that the allegations set forth in paragraph "9" of the FAC constitute legal conclusions as to which no response is required.

10. State that the allegations set forth in paragraph "10" of the FAC constitute legal conclusions to which no response is required.

11.     State that the allegations set forth in paragraph "11" of the FAC are legal conclusions as to which no response is required.

12.     Deny the allegations set forth in paragraph "12" of the FAC.

13.     Deny the allegations set forth in paragraph "13" of the FAC.

14.     Deny the embedded assertion that any of the defendants or any other member of the NYPD engaged in any behavior such that a duty to intervene was imposed on any other member of the NYPD, and deny the remaining allegations set forth in paragraph "14" of the FAC.

15.     State that the allegations set forth in paragraph "15" of the FAC are legal conclusions as to which no response is required.

16.     Deny the allegations set forth in paragraph "16" of the FAC, except admit only that plaintiff purports to proceed as stated therein.

17.     Deny the allegations set forth in paragraph "17" of the FAC, except admit only that plaintiff purports to base venue as stated therein and respectfully refer the Court to plaintiff's Notice of Removal and the exhibits attached thereto for its full content and context.

18.     Deny the allegations set forth in paragraph "18" of the FAC, except admit only that plaintiff purports to base jurisdiction as stated therein, and respectfully refer the Court to plaintiff's Notice of Removal and the exhibits attached thereto for its full content and context.

19.     Deny the allegations set forth in paragraph "19" of the FAC, except admit that plaintiff purports to invoke the court's jurisdiction as stated therein.

20.     Deny the allegations set forth in paragraph "20" of the FAC, except admit only that a document purporting to be a Notice of Claim on behalf of plaintiff was received by the New York City Comptroller's Office on or about August 30, 2020.

21.     Deny the allegations set forth in paragraph "21" of the FAC, except admit only that on or about December 10, 2020 plaintiff Rahul Sharma testified in a virtual 50-h Hearing for Claim No. 2020PI020958.

22.     Deny the allegations set forth in paragraph "22" of the FAC, except admit that plaintiff's purported claims have not been settled or adjusted.

23.     Deny the allegations set forth in paragraph "23" of the FAC, except admit only that the within action was filed on or about August 30, 2021.

24.     Deny the allegation that "police," in the collective, killed George Floyd; and deny knowledge or information sufficient to form a belief as to the truth of remaining allegations set forth in paragraph "24" of the FAC, except admit only that in the summer of 2020, protests against police occurred in New York City.

25.     Deny the allegations set forth in paragraph "25" of the FAC, except admit only that the COVID-19 pandemic was ongoing in the summer of 2020.

26.     Deny the allegations set forth in paragraph "26" of the FAC.

27.     Deny the allegations set forth in paragraph "27" of the FAC.

28.     Deny the allegations set forth in paragraph "28" of the FAC.

29.     Deny the allegations set forth in paragraph "29" of the FAC.

30.     Deny the allegations set forth in paragraph "30" of the FAC, except admit only that the COVID-19 pandemic was ongoing in the summer of 2020.

31.     Admit only that, in April 2020, then-Governor Cuomo mandated persons appearing in public to wear masks for the allegations set forth in paragraph "31" of the FAC.

32.     Deny the allegations set forth in paragraph "32" of the FAC.

33.     Deny the allegations set forth in paragraph "33" of the FAC.

34.     Deny the allegations set forth in paragraph "34" of the FAC, except admit only that plaintiff purports to proceed as stated therein.

35.     Deny the allegations set forth in paragraph "35" of the FAC and its eight subparts, and refer the court to the material cited therein for a full and accurate recitation of their content.

36.     Deny the allegations set forth in paragraph "36" of the FAC and its seven subparts, and refer the court to the material cited therein for a full and accurate recitation of their content.

37.     Deny the allegations set forth in paragraph "37" of the FAC, except admit only that, at approximately 10:00 PM on May 31, 2020, plaintiff was at a protest at or around West 42nd Street and 6th Avenue in Manhattan.

38.     Admit the allegations set forth in paragraph "38" of the FAC.

39.     Deny the allegations set forth in paragraph "39" of the FAC.

40.     Deny the allegations set forth in paragraph "40" of the FAC.

41.     Deny the allegations set forth in paragraph "41" of the FAC.

42.     Deny allegations set forth in paragraph "42" of the FAC, except admit only that PO Carlo lawfully arrested plaintiff and that plaintiff was handcuffed pursuant to that lawful arrest.

43.     Admit only that plaintiff was transported to 1 Police Plaza on or about May 31, 2020 pursuant to a lawful arrest regarding the allegations set forth in paragraph "43."

44.     Admit that PO Carlo issued summons numbers 4442086947 and 4442086933 to plaintiff and that plaintiff was released from custody at or about 2:00 a.m. on the morning of June 1, 2020 regarding the allegations set forth in paragraph "44."

45.     Admit only that plaintiff's summonses were dismissed on or about September 9, 2020 regarding the allegations set forth in paragraph "45."

46.     Deny the allegations set forth in paragraph "46" of the FAC.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the FAC, except admit only, upon information and belief, that a demonstration was held on July 11, 2020 in Brooklyn.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the FAC, except admit only, upon information and belief, that a demonstration was held on July 13, 2020, in Brooklyn.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the FAC, except admit only, upon information and belief, that a demonstration protesting coronavirus restrictions was held in Brooklyn in October 2020.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the FAC, except admit only, upon information and belief, that a demonstration was held on October 25, 2020.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the FAC, except admit only, upon information and belief, that a protest was held in New York City on November 1, 2020.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the FAC, except admit only, upon information and belief, that a demonstration protesting coronavirus restrictions was held in Staten Island on December 2, 2020.

53.     Deny the allegations set forth in paragraph "53" of the FAC and all its subsections.

54.     Deny the allegations set forth in paragraph "54" of the FAC.

55.     Deny the allegations set forth in paragraph "55" of the FAC.

56.     Deny the allegations set forth in paragraph "56" of the FAC.

57.     Deny the allegations set forth in paragraph "57" of the FAC.

58.     Deny the allegations set forth in paragraph "58" of the FAC.

59.     Deny the allegations set forth in paragraph "59" of the FAC.

60.     Deny the allegations set forth in paragraph "60" of the FAC.

61.     Deny the allegations set forth in paragraph "61" of the FAC.

62.     Deny the allegations set forth in paragraph "62" of the FAC and its 18 subparts, and refer the court to the material cited therein for a full and accurate recitation of their content.

63.     Deny the allegations set forth in paragraph "63" of the FAC.

64.     Deny the allegations set forth in paragraph "64" of the FAC.

65.     Deny the allegations set forth in paragraph "65" of the FAC.

66.     Deny the allegations set forth in paragraph "66" of the FAC.

67.     Deny the allegations set forth in paragraph "67" of the FAC.

68.     Deny the allegations set forth in paragraph "68" of the FAC.

69.     Deny the allegations set forth in paragraph "69" of the FAC.

70.     Deny the allegations set forth in paragraph "70" of the FAC.

71.     Deny the allegations set forth in paragraph "71" of the FAC.

72.     Deny the allegations set forth in paragraph "72" of the FAC.

73.     Deny the allegations set forth in paragraph "438"[2] of the FAC, and all its subparts, and refer the court to the material cited therein for a full and accurate recitation of their content.

74.     Deny the allegations set forth in paragraph "73" of the FAC.

75.     Deny the allegations set forth in paragraph "74" of the FAC.

76.     Admit only that SRG has a unit in each borough, and deny the remaining allegations set forth in paragraph "75" of the FAC.

77.     Deny the allegations set forth in paragraph "76" of the FAC.

78.     Deny the allegations set forth in paragraph "77" of the FAC.

79.     Deny the allegations set forth in paragraph "78" of the FAC.

80.     Deny the allegations set forth in paragraph "79" of the FAC, except admit only that all members of the NYPD are required to attend training each year.

81.     Deny the allegations set forth in paragraph "80" of the FAC.

82.     Deny the allegations set forth in paragraph "81" of the FAC.

83.     Deny the allegations set forth in paragraph "82" of the FAC.

84.     Deny the allegations set forth in paragraph "83" of the FAC.

85.     Deny the allegations set forth in paragraph "84" of the FAC.

86.     Deny the allegations set forth in paragraph "85" of the FAC and all its subparts, and refer the court to the material cited therein for a full and accurate recitation of their content.

87.     Deny the allegations set forth in paragraph "86" of the FAC.

---

[2] This paragraph, which should be numbered as paragraph "73," has been misnumbered in the complaint as "438." Defendants have numbered their response to this paragraph as "438" but thereafter continue to sequentially number their responses to subsequent paragraphs.

88.     Deny the allegations set forth in paragraph "87" of the FAC.

89.     Deny the allegations set forth in paragraph "88" of the FAC.

90.     Deny the allegations set forth in paragraph "89" of the FAC.

91.     Deny the allegations set forth in paragraph "90" of the FAC.

92.     Deny the allegations set forth in paragraph "91" of the FAC and all its subparts, and refer the court to the material cited therein for a full and accurate recitation of their content.

93.     Deny the allegations set forth in paragraph "92" of the FAC.

94.     Deny the allegations set forth in paragraph "93" of the FAC and all its subparts, and refer the court to the material cited therein for a full and accurate recitation of their content.

95.     Deny the allegations set forth in paragraph "94" of the FAC.

96.     Deny the allegations set forth in paragraph "95" of the FAC.

97.     Deny the allegations set forth in paragraph "96" of the FAC.

98.     Deny the allegations set forth in paragraph "97" of the FAC.

99.     Deny the allegations set forth in paragraph "98" of the FAC.

100.    Deny the allegations set forth in paragraph "99" of the FAC.

101.    Deny the allegations set forth in paragraph "100" of the FAC.

102.    Deny the allegations set forth in paragraph "101" of the FAC.

103.    Deny the allegations set forth in paragraph "102" of the FAC.

104.    Deny the allegations set forth in paragraph "103" of the FAC.

105.    Deny the allegations set forth in paragraph "104" of the FAC.

106.    Deny the allegations set forth in paragraph "105" of the FAC.

107.    Deny the allegations set forth in paragraph "106" of the FAC.

108.    Deny the allegations set forth in paragraph "107" of the FAC.

109.    Deny the allegations set forth in paragraph "108" of the FAC.

110.    Deny the allegations set forth in paragraph "109" of the FAC.

111.    Deny the allegations set forth in paragraph "110" of the FAC.

112.    Deny the allegations set forth in paragraph "111" of the FAC.

113.    Deny the allegations set forth in paragraph "112" of the FAC.

114.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the FAC, except admit only that certain public health orders were in place during the COVID-19 pandemic.

115.    Deny the allegations set forth in paragraph "114" of the FAC.

116.    Deny the allegations set forth in paragraph "115" of the FAC.

117.    Deny the allegations set forth in paragraph "116" of the FAC.

118.    Deny the allegations set forth in paragraph "117" of the FAC.

119.    Deny the allegations set forth in paragraph "118" of the FAC.

120.    Deny the allegations set forth in paragraph "119" of the FAC.

121.    Deny the allegations set forth in paragraph "120" of the FAC.

122.    Deny the allegations set forth in paragraph "121" of the FAC.

123.    Deny the allegations set forth in paragraph "122" of the FAC.

124.    Deny the allegations set forth in paragraph "123" of the FAC.

125.    Deny the allegations set forth in paragraph "124" of the FAC.

126.    Admit the allegations set forth in paragraph "125" of the FAC.

127.    Deny knowledge or information sufficient to respond to the allegations set forth in paragraph "126" of the FAC and respectfully refer the Court to the referenced report for a complete recitation thereof.

128.    Deny knowledge or information sufficient to respond to the allegations set forth in paragraph "127" of the FAC and respectfully refer the Court to the referenced report for a complete recitation thereof.

129.    Admit the allegations set forth in paragraph "128" of the FAC.

130.    Deny knowledge or information sufficient to respond to the allegations set forth in paragraph "129" of the FAC and respectfully refer the Court to the referenced report for a complete recitation thereof.

131.    Deny the allegations set forth in paragraph "130" of the FAC and respectfully refer the Court to the referenced report for a complete recitation thereof.

132.    Deny the allegations set forth in paragraph "131" of the FAC and respectfully refer the court to the referenced report for a complete recitation thereof.

133.    Deny knowledge or information sufficient to respond to the allegations set forth in paragraph "132" of the FAC.

134.    Deny knowledge or information sufficient to respond to the allegations set forth in paragraph "133" of the FAC, except deny the NYPD engaged in activity violative of the First Amendment.

135.    Deny knowledge or information sufficient to respond to the allegations set forth in paragraph "134" of the FAC and respectfully refer the Court to the referenced report for a complete recitation thereof.

136.    Deny knowledge or information sufficient to respond to the allegations set forth in paragraph "135" of the FAC and respectfully refer the Court to the referenced report for a complete recitation thereof.

137.    Deny knowledge or information sufficient to respond to the allegations set forth in paragraph "136" of the FAC and respectfully refer the Court to the referenced report for a complete recitation thereof.

138.    Deny knowledge or information sufficient to respond to the allegations set forth in paragraph "137" of the FAC and respectfully refer the Court to the referenced report for a complete recitation thereof.

139.    Deny the allegations set forth in paragraph "138" of the FAC.

140.    In response to the allegations set forth in paragraph "139" of the FAC, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

141.    Deny the allegations set forth in paragraph "140" of the FAC.

142.    Deny the allegations set forth in paragraph "141" of the FAC.

143.    Deny the allegations set forth in paragraph "142" of the FAC.

144.    Deny the allegations set forth in paragraph "143" of the FAC.

145.    Deny the allegations set forth in paragraph "144" of the FAC.

146.    In response to the allegations set forth in paragraph "145" of the FAC, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

147.    Deny the allegations set forth in paragraph "146" of the FAC.

148.    Deny the allegations set forth in paragraph "147" of the FAC.

149.     Deny the allegations set forth in paragraph "148" of the FAC.

150.     In response to the allegations set forth in paragraph "149" of the FAC, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

151.     Deny the allegations set forth in paragraph "150" of the FAC.

152.     State that paragraph "151" of the FAC fails to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  To the extent a response is required, deny the allegations set forth therein.

153.     Deny the allegations set forth in paragraph "152" of the FAC.

154.     Deny the allegations set forth in paragraph "153" of the FAC.

155.     Deny the allegations set forth in paragraph "154" of the FAC.

156.     Deny the allegations set forth in paragraph "155" of the FAC.

157.     Deny the allegations set forth in paragraph "156" of the FAC.

158.     Deny the allegations set forth in paragraph "157" of the FAC.

159.     Deny the allegations set forth in paragraph "158" of the FAC.

160.     Deny the allegations set forth in paragraph "159" of the FAC.

161.     Deny the allegations set forth in paragraph "160" of the FAC.

162.     Deny the allegations set forth in paragraph "161" of the FAC.

163.     Deny the allegations set forth in paragraph "162" of the FAC.

164.     Deny the allegations set forth in paragraph "163" of the FAC.

165.     Deny the allegations set forth in paragraph "164" of the FAC.

166.     Deny the allegations set forth in paragraph "165" of the FAC.

167.     Deny the allegations set forth in paragraph "166" of the FAC.

168.    Deny the allegations set forth in paragraph "167" of the FAC.

169.    In response to the allegations set forth in paragraph "168" of the FAC, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

170.    Deny the allegations set forth in paragraph "169" of the FAC.

171.    Deny the allegations set forth in paragraph "170" of the FAC.

172.    Deny the allegations set forth in paragraph "171" of the FAC.

173.    Deny the allegations set forth in paragraph "172" of the FAC.

174.    In response to the allegations set forth in paragraph "173" of the FAC, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

175.    Deny the allegations set forth in paragraph "174" of the FAC.

176.    Deny the allegations set forth in paragraph "175" of the FAC.

177.    Deny the allegations set forth in paragraph "176" of the FAC.

178.    Deny the allegations set forth in paragraph "177" of the FAC.

179.    Deny the allegations set forth in paragraph "178" of the FAC.

180.    In response to the allegations set forth in paragraph "179" of the FAC, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

181.    Deny the allegations set forth in paragraph "180" of the FAC.

182.    Deny the allegations set forth in paragraph "181" of the FAC.

183.    Deny the allegations set forth in paragraph "182" of the FAC.

184.    In response to the allegations set forth in paragraph "183" of the FAC, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

185.    Deny the allegations set forth in paragraph "184" of the FAC.

186.    Deny the allegations set forth in paragraph "185" of the FAC.

187.    Deny the allegations set forth in paragraph "186" of the FAC.

188.    Deny the allegations set forth in paragraph "187" of the FAC.

189.    Deny the allegations set forth in paragraph "188" of the FAC.

190.    Deny the allegations set forth in paragraph "189" of the FAC.

191.    Deny the allegations set forth in paragraph "190" of the FAC.

192.    In response to the allegations set forth in paragraph "191" of the FAC, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

193.    Deny the allegations set forth in paragraph "192" of the FAC.

194.    Deny the allegations set forth in paragraph "193" of the FAC.

195.    In response to the allegations set forth in paragraph "194" of the FAC, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

196.    Deny the allegations set forth in paragraph "195" of the FAC.

197.    Deny the allegations set forth in paragraph "196" of the FAC.

198.    Deny the allegations set forth in paragraph "197" of the FAC.

199.    State that the allegations set forth in paragraph "198" of the FAC are legal conclusions as to which no response is required.

200.    Deny the allegations set forth in paragraph "199" of the FAC.

201.    Deny the allegations set forth in paragraph "200" of the FAC.

202.    Deny the allegations set forth in paragraph "201" of the FAC.

203.    Deny the allegations set forth in paragraph "202" of the FAC.

204.    Deny the allegations set forth in paragraph "203" of the FAC.

205.    Deny the allegations set forth in paragraph "204" of the FAC.

206.    Deny the allegations set forth in paragraph "205" of the FAC.

207.    Deny the allegations set forth in paragraph "206" of the FAC.

208.    Deny the allegations set forth in paragraph "207" of the FAC.

209.    Deny the allegations set forth in paragraph "208" of the FAC.

210.    Deny the allegations set forth in paragraph "209" of the FAC.

211.    Deny the allegations set forth in paragraph "210" of the FAC.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

212.    The FAC fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

213.    Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof; nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

214.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties and was not the proximate result of any act of the defendants

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

215.    Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and, therefore, are entitled to qualified immunity.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

216.    To the extent any force was used by the individual defendants, such force was reasonable, necessary, and justified.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

217.    Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

218.    Plaintiff has failed to state a claim under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

219.    At all times relevant to the acts alleged in the FAC, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

220.    Punitive damages cannot be assessed against defendant City.

**<u>AS AND FOR A TENTH AFFIRMATIVE DEFENSE:</u>**

221.    Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. Gen. Mun. Law § 50-(e), (h) and/or (i).

**<u>AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:</u>**

222.    Neither defendants Mayor de Blasio, nor Commissioner Shea, nor Chief Monahan were personally involved in the specific incidents underlying plaintiff's allegations.

**WHEREFORE,** City Defendants requests judgment dismissing the FAC in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: June 14, 2023
    New York, New York

                HON. SYLVIA O. HINDS-RADIX
                Corporation Counsel of the City of New York
                *Attorney for City Defendants*
                100 Church Street, Room 3-213
                New York, NY 10007
                T: (212) 356-2377
                E: felixdej@law.nyc.gov

              By:   *Felix De Jesus*
                   Felix De Jesus
                   *Assistant Corporation Counsel*

TO:  **<u>VIA ECF</u>**
      Remy Green
      *Attorney for Plaintiff*